IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR WAKULLA COUNTY, FLORIDA

**BOB NICHOLS,**

CASE NO.:

     **Plaintiff,**

FLA BAR NO.: 0739685

v.

**JARED MILLER in his official capacity as
SHERIFF, WAKULLA COUNTY, FLORIDA,
FLORIDA FISH AND WILDLIFE
CONSERVATION COMMISSION And
Officer SCOTT POWELL (individually),**

     **Defendant.**

_____/

## COMPLAINT

Plaintiff, BOB NICHOLS, hereby sues Defendant, JARED MILLER in his official capacity as SHERIFF, WAKULLA COUNTY, FLORIDA, FLORIDA FISH AND WILDLIFE CONSERVATION COMMISSION, and Officer SCOTT POWELL (in his individual capacity) and alleges:

### NATURE OF THE ACTION

1.    This is a civil action seeking monetary damages, declaratory judgment, and legal, equitable, and injunctive relief against Defendant. This is an action brought under the common law of the State of Florida, 42 U.S.C. §1983, and 42 U.S.C. §1988.

2.    The Plaintiff's claims for relief are predicated upon 42 U.S.C. §1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiff by the Constitution and laws of the United States, and by 42 U.S.C. §1988 which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

**EXHIBIT A**

3.      This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars.

## CONDITIONS PRECEDENT

4.      Written notices of intent to initiate litigation on Plaintiff's state law claims asserted herein, were submitted to Defendant pursuant to 768.28(6), Florida Statutes.

## PARTIES

5.      At all times pertinent hereto, Plaintiff, BOB NICHOLS, has been a resident of Wakulla, County, FL.  He is thus sui juris.

6.      At all times pertinent hereto, Defendant, JARED MILLER in his official capacity as SHERIFF, WAKULLA COUNTY, FLORIDA (hereinafter "SHERIFF") has been organized and existing under the laws of Florida as a law enforcement agency known as the WAKULLA COUNTY SHERIFF'S OFFICE ("SHERIFF") and is located in Wakulla County, Florida.

7.      At all times pertinent hereto, Defendant, SCOTT POWELL, in his individual capacity, was a resident of the State of Florida and was employed by Defendant WAKULLA COUNTY SHERIFF'S OFFICE, as an OFFICER. He is thus sui juris.

8.      At all times pertinent hereto, Defendant, FLORIDA FISH AND WILDLIFE CONSERVATION COMMISSION (hereinafter "FWC") has been organized and existing under the laws of Florida as a law enforcement agency and is located in Leon County, Florida.

## STATEMENT OF THE ULTIMATE FACTS

1.      In or around April of 2017, as a form of harassment, Defendant SCOTT POWELL, an officer employed by Defendant SHERIFF, contacted the Florida Fish and Wildlife Conservation Commission (FWC) officers in Franklin County, Florida, and as a result, several days later, on or

around April 12, 2017, an officer with the FWC followed Mr. Nichols as he was headed to St. George Island.

2.     Mr. Nichols was pulled over by the officers and they were joined by another six (6) FWC trucks who surrounded Mr. Nichols' vehicle.

3.     Mr. Nichols was detained by the FWC officers who were unsure how to arrest Plaintiff because they did not have a warrant for his arrest. One of the officers called Defendant POWELL of the Wakulla County Sheriff's Office to find out what needed to be done.

4.     The officers had to wait for more than one hour before a warrant was issued and Mr. Nichols could be arrested.

5.     On or around April 12, 2017, Mr. Nichols was arrested by deputy POWELL with Defendant WAKULLA COUNTY SHERIFF'S OFFICE ("SHERIFF") and charged with grand theft, false report to public official, and tampering or fabricating physical evidence.

6.     OFFICER SCOTT POWELL, requested information pertaining to the theft of a "lower unit" from a boat. Defendant POWELL threatened Mr. Nichols, telling him that if he did not admit that the "lower unit" had been stolen by Joseph Lawson, he (Mr. Nichols) would spend time in jail.

7.     Mr. Nichols could not admit to something that he did not know, and in retaliation for not supplying the information requested, Defendant POWELL falsely charged Mr. Nichols with grand theft, evidence tampering, and lying to an officer, and arrested him on said fallacious charges.

8.     Mr. Nichols' property, specifically his boat, was seized by Defendants POWELL and SHERIFF.

3

9.    Mr. Nichols' boat was not returned to him for over three months, and when it was returned, the lower unit and propeller were not included, and what remained of the motor had been taken apart and was left disassembled at the bottom of the boat.

10.    Mr. Nichols was unable to work as a fisherman because he was not able to use his boat, which required him to then purchase another boat, motor, and trailer.

11.    All charges against Mr. Nichols' were dropped and on October 24, 2018 when the Assistant State Attorney (ASA) filed a Nolle Prosequi. However, the charges became common knowledge in Wakulla County where Mr. Nichols lives and fished and in Franklin County where Mr. Nichols has fished in the past.

12.    Mr. Nichols stills lives in Wakulla County, and he has been humiliated and shamed by the false charges against him.

13.    Defendants continued to target Plaintiff with fallacious or frivolous charges as a form of harassment including without limitation:

   a.  Case No. 652018IN000185INAXMX wherein Plaintiff was charged with license and permit violation and no action was taken.

   b.  Case No. 652016MM000237MMAXMX, wherein Plaintiff was charged with failing to display a Hull ID number and the ASA filed a Nolle Prosequi.

   c.

14.    The actions of the Defendant SHERIFF have caused damage to Mr. Nichols, including, but not limited to, lost wages, lost capacity to work, loss of enjoyment of life, pain and suffering, mental anguish, and related noneconomic damages.

15.    Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## COMMON LAW FALSE IMPRISONMENT/ARREST
### (Against Defendant POWELL)

16.    Paragraphs 1 through 23 are re-alleged and incorporated herein by reference.

17.    This count sets forth claims against Defendant POWELL for common law false imprisonment/arrest. This count is pled in the alternative and for the purpose of this count, Defendant POWELL were acting outside the course and scope of his employment with Defendant SHERIFF.

18.    Plaintiff is entitled to relief against Defendant POWELL in that Defendants intentionally and unlawfully detained and restrained Plaintiff against his will; deprived Plaintiff of his liberty without any reasonable cause or color of authority and maintained such complete restraint and deprivation for a period of time.

19.    This unlawful restraint of the Plaintiff's liberty was also accomplished by Defendant POWELL confining Plaintiff to an area in which the Plaintiff did not wish to be confined.

20.    Plaintiff was further restrained by Defendants' use of coercive words and threats of force as well as actual force and immediate means of coercion against Plaintiff so that the Plaintiff were restrained and deprived of liberty. The Individual Defendants restrained Plaintiff without any justification and in the absence of probable cause.

21.    At all times material to this action, and at all times during which Plaintiff was being unlawfully restrained, Plaintiff was restrained against his will, and without consent, so that Plaintiff were not free to leave his place of confinement. Defendant POWELL acted in bad faith

or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

22.     As a direct and proximate result of the Individual Defendants' actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.  Plaintiff is entitled to punitive damages under this count.

**COUNT II**
**COMMON LAW FALSE IMPRISONMENT/ARREST**
**(Against Defendant SHERIFF)**

23.     Paragraphs 1 through 23 are re-alleged and incorporated herein by reference.

24.     This is an action against Defendant SHERIFF for false imprisonment/false arrest. This Count is pled in the alternative and for the purposes of this count Defendant POWELL was acting within the course and scope of his employment with Defendant SHERIFF.

25.     The Plaintiff is entitled to relief against Defendant SHERIFF in that POWELL and others, acting in the course and scope of their employment with the SHERIFF, intentionally and unlawfully detained and restrained Plaintiff against his will, deprived Plaintiff of his liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time.  The actions by the employees and agents of Defendant were committed within the course and scope of their employment with Defendant.

26.     This unlawful restraint of the Plaintiff's liberty was also accomplished by Defendant confining Plaintiff to an area in which the Plaintiff did not wish to be confined and by compelling the Plaintiff to go where she did not wish to go.

27.     Plaintiff was further restrained by Defendant, through its agents and employees use of coercive words, threats of force as well as actual force, and immediate means of coercion against

Plaintiff so that the Plaintiff was restrained and deprived of liberty. Defendant restrained Plaintiff without any justification and in the absence of probable cause. Defendant conducted no independent investigation into whether any criminal conduct had occurred.

28.     At all times material to this action, and at all times during which the Plaintiff was being unlawfully restrained, the Plaintiff was restrained against his will, and without consent, so that the Plaintiff was not free to leave his place of confinement.

29.     As a direct and proximate cause of Defendants actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff.

**COUNT III**
**FOURTH AMENDMENT VIOLATION –**
**UNCONSTITUTIONAL SEARCH AND SEIZURE**
**(Against Defendant POWELL)**

30.     Paragraphs 1 through 23 are re-alleged and incorporated herein by reference.

31.     This count sets forth claims against Defendant POWELL for unconstitutional search and seizure under the Fourth Amendment to the United States Constitution in that he seized Plaintiff's property without probable cause and in the absence of any exigent circumstances or other circumstances which would justify the uninvited seizure of private property. Defendant POWELL is a person under the laws applicable to this count.

32.     The Defendant's violations of Fourth Amendment to the United State Constitution were of the type and character as to which any reasonable person would be aware.

33.     Defendant acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

34.    The foregoing actions of Defendant POWELL were willful, wanton and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification and/or in the absence of probable cause.

35.    Based upon the facts presented to this Defendant and the applicable law, no reasonable law enforcement officer could have concluded that there existed any legal basis to seize Plaintiff's property without a warrant.  The law was well settled and clearly established that the actions of Defendant constituted an unlawful search and seizure under the Fourth Amendment to the United States Constitution at the time the actions by Defendant were committed.

36.    The actions or inactions of Defendant as set forth in part above constituted deliberate indifference or reckless disregard for the safety of Plaintiff when Defendant knew of and disregarded a risk to Plaintiff's health and safety.

37.    Defendant POWELL misused his power, possessed by virtue of state law and made possible only because he was clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

38.    As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.  Plaintiff is also entitled to punitive damages under this count.

**COUNT IV**
**FOURTH AMENDMENT VIOLATION-**
**UNCONSTITUTIONAL SEARCH AND SEIZURE**
**(Against Defendant SHERIFF)**

39.    Paragraphs 1 through 23 are re-alleged and incorporated herein by reference.

40.    This count sets forth a claim against Defendant SHERIFF for unconstitutional search and seizure under the Fourth Amendment to the United States Constitution, in that Defendant operated to violate Plaintiff's rights under the Fourth Amendment to the United States Constitution. These violations were of the type and character as to which any reasonable person would be aware. For purposes of this count, Defendant POWELL was acting within the course and scope of their employment with Defendant SHERIFF.

41.    Defendant SHERIFF misused its power, possessed by virtue of state law and made possible only because it was clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

42.    The foregoing actions of Defendant SHERIFF were willful, wanton and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification and/or in the absence of probable cause.

43.    Based upon the facts presented to Defendant and the applicable law, no reasonable law enforcement officer could have concluded that there existed any legal basis to seize Plaintiff's property without a warrant.  The law was well settled and clearly established that the actions of Defendant constituted an unlawful search and seizure under the Fourth Amendment to the United States Constitution at the time the actions by Defendant were committed.

44.    The actions or inactions of Defendant SHERIFF as set forth in part above constituted exercises of deliberate indifference or reckless disregard for the safety of Plaintiff when it knew of and disregarded a risk to Plaintiff's health and safety.

45.    Defendant SHERIFF acted with deliberate indifference in the failure to train and to implement adequate supervisory procedures-or implemented no such policies or procedures--to

prevent the harm that was caused to Plaintiff, including policies or procedures to properly identify suspects, policies and procedures to identify officers who falsify facts to support probable cause to arrest persons like Plaintiff, and policies or procedures to properly discipline officers who willfully trample on the constitutional rights of law abiding citizens, like Plaintiff, and to prevent the type of harm described in part above, as a direct result of which Plaintiff was subjected to unreasonable and illegal searches and seizures. Defendant SHERIFF was also deliberately indifferent in failing to train its officers, which resulted in constitutional violations as set forth in part above. Defendant SHERIFF by and through decisions and actions made, approved, sanctioned and ratified by their final policy makers both set and constituted official policies of Defendant SHERIFF. Moreover, through frequent and customary actions like those set forth herein, directed both against Plaintiff and against others, the actions of the Individual Defendants clearly established a de facto custom and policy of Defendant SHERIFF.

46.    Defendant SHERIFF's supervisors are responsible for hiring and supervising the law enforcement officers who work under them and, when necessary, for investigating alleged wrongdoing by its employees and disciplining those employees. At all times referred to herein, Defendant SHERIFF's supervisors failed to properly train, supervise, investigate and discipline its officers as alleged herein. These supervisors' failure to supervise, investigate and discipline Defendant SHERIFF's officers constitutes either one or more improper policies of Defendant SHERIFF which resulted in the deliberate indifference to the constitutional rights of the Plaintiff. Defendant SHERIFF's supervisors also, after notice of the constitutional violations alleged herein, officially sanctioned these actions and refused to discipline its officer named herein which established a policy, by a final policy-maker that directly or indirectly resulted in the violation of Plaintiff's constitutional rights.

47.    As a direct and proximate cause of  Defendant s actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT V
## COMMON LAW MALICIOUS PROSECUTION
### (Against Defendant POWELL)

48.    Paragraphs 1 through 23 are re-alleged and incorporated herein by reference.

49.    This count sets forth claims against Defendant POWELL for malicious prosecution, and is pled in the alternative.  For purposes of this count, Defendant POWELL was acting outside the course and scope of employment with Defendants SHERIFF.

50.    Defendant POWELL caused the commencement and/or continuation of criminal proceedings against Plaintiff.  The subject proceedings had bona fide terminations in Plaintiff's favor in that the charges against Plaintiff were dropped or dismissed or resolved in Plaintiff's favor.

51.    There was no probable cause or reasonable basis in fact or in law for the individually named Defendant to cause the commencement of the criminal proceedings against Plaintiff.

52.    The individually named Defendant acted with malice in initiating the criminal proceedings against Plaintiff, as well as in making the arrests, and this Defendant knew that their actions against Plaintiff were not supported by even arguable probable cause.

53.    As a direct and proximate cause of the Individual Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, and loss of reputation.  These

damages have occurred at present, in the past and will most likely occur in the future. Plaintiff is entitled to punitive damages under this count.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for the following relief:

(a)    that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendants and for Plaintiff awarding damages to Plaintiff from Defendants for Defendant's violations of law enumerated herein;

(d)    enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of the state and federal laws enumerated herein;

(e)    enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f)    grant such other further relief as being just and proper under the circumstances.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demand a trial by jury on all issues set forth herein which are so triable.

Dated this 1st day of February, 2020.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com


ATTORNEYS FOR PLAINTIFF

13