UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BOB NICHOLS,

    Plaintiff,

v.                                        CASE NO.: 4:20-cv-261-AW-MAF

JARED MILLER, in his official capacity as
SHERIFF, WAKULLA COUNTY, FLORIDA,
and SCOTT POWELL, in his individual
capacity,

    Defendants.
_____

## DEFENDANT SHERIFF'S ANSWER AND DEFENSES

Comes now, Defendant, Jared Miller, in his official capacity as Sheriff, Wakulla County, Florida (hereinafter, "Sheriff"), by and through undersigned counsel, files this Answer and Defenses to Plaintiff's Second Amended Complaint.

## NATURE OF THE ACTION

1.     Admitted for jurisdictional purposes only.

2.     Admitted for jurisdictional purposes only.

3.     Admitted.

## CONDITIONS PRECEDENT

4.     Unknown, therefore denied.

## PARTIES

5. Unknown, therefore denied.

6. Admitted.

7. Admitted.

## STATEMENT OF THE ULTIMATE FACTS

8. Unknown, therefore denied.

9. Denied.

10. Denied.

11. Unknown, therefore denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Admitted that Defendant Powell stated in the affidavit that the lower unit of the motor on Plaintiff's boar was freshly painted; denied as to the remainder.

21. Denied.

22. Admitted that Defendant Powell stated in the affidavit that the torque tab was missing from the lower unit. Denied as to the remainder.

23. Admitted that Defendant Powell stated in the affidavit that Plaintiff said that the lower unit had never been replaced. Denied as to the remainder.

24. Unknown, therefore denied.

25. Denied.

26. Denied.

27. Denied as characterized.

28. Denied.

29. Unknown, therefore denied.

30. Denied.

31. Denied as characterized.

32. Denied.

33. Admitted that Defendant Powell spoke to Plaintiff regarding the motor, Plaintiff's purchases, and Plaintiff's whereabouts. Admitted that Defendant Powell called Plaintiff. Denied as to the remainder.

34. Denied.

35. Admitted that Defendant Powell spoke with an individual named Ben Mullins by phone. Admitted that this phone call was conducted in the presence of Sergeant Eddie Wester and Detective Richard Moon. Admitted that during this

phone call Defendant Powell asked Mullins about a boat motor. Denied as to the remainder.

36. Admitted that on April 14, 2017, Defendant Powell placed a phone call to Plaintiff. Admitted that on April 14, 2017, Defendant Powell made contact with the Franklin County Sheriff's Office regarding the boat. Denied as to the remainder.

37. Denied.

38. Denied.

39. Admitted.

40. Admitted that on April 17, 2017, Defendant Powell requested the boat taken to the Wakulla County Sheriff's Office maintenance facility to remove the lower unit. Denied as to the remainder.

41. Denied.

42. Denied.

43. Admitted that Defendant Powell spoke with Scott Hug during the course of his investigation. Denied as to the remainder.

44. Denied.

45. Denied.

46. Unknown, therefore denied.

47. Denied.

48. Denied.

49. Unknown, therefore denied.

50. Denied.

51. Admitted that the Plaintiff was arrested. Denied as to the remainder.

52. Denied.

53. Denied.

54. Denied.

55. Admitted that a Nolle Prosequi was filed on October 24, 2018, by the Assistant State Attorney. Unknown, therefore denied as to the remainder.

56. Unknown, therefore denied.

57. Denied.

58. Unknown, therefore denied.

### COUNT I – COMMON LAW FALSE IMPRISONMENT/ARREST
### (against Defendant POWELL)

59. – 65. The allegations of this Count are not directed at the Sheriff and will therefore not be addressed herein. To the extent that any allegations in this Count attempt to assert liability against the Sheriff, those allegations are denied in their entirety.

### COUNT II – COMMON LAW FALSE IMPRISONMENT/ARREST
### (against Defendant SHERIFF)

66. The Sheriff hereby incorporates and realleges his foregoing responses to Paragraphs 1 through 58 as if fully set forth herein.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

### COUNT III – FOURTH AMENDMENT VIOLATION – UNCONSTITUTIONAL SEARCH AND SEIZURE
### (against Defendant POWELL)

73. – 79. The allegations of this Count are not directed at the Sheriff and will therefore not be addressed herein. To the extent that any allegations in this Count attempt to assert liability against the Sheriff, those allegations are denied in their entirety.

### COUNT IV – FOURTH AMENDMENT VIOLATION – UNCONSTITUTIONAL SEARCH AND SEIZURE
### (against Defendant SHERIFF)

80. The Sheriff hereby incorporates and realleges his foregoing responses to Paragraphs 1 through 58 as if fully set forth herein.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

## COUNT V – FALSE ARREST BROUGHT UNDER 42 U.S.C. § 1983
### (Against Defendant SHERIFF)

88. The Sheriff hereby incorporates and realleges his foregoing responses to Paragraphs 1 through 58 as if fully set forth herein.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

## COUNT VI – FALSE ARREST BROUGHT UNDER 42 U.S.C. § 1983
### (against Defendant POWELL)

101. – 106.  The allegations of this Count are not directed at the Sheriff and will therefore not be addressed herein. To the extent that any allegations in this Count attempt to assert liability against the Sheriff, those allegations are denied in their entirety.

## COUNT VII – COMMON LAW MALICIOUS PROSECUTION
### (against Defendant POWELL)

107. – 112.  The allegations of this Count are not directed at the Sheriff and will therefore not be addressed herein. To the extent that any allegations in this Count attempt to assert liability against the Sheriff, those allegations are denied in their entirety.

## DEFENSES

1. There are insufficient allegations in the complaint and no evidence to support the existence of any custom, policy or practice created or maintained by these Defendants which, in and of itself, deprived the Decedent of any civil or constitutional right or which was causally related to any unconstitutional conduct of City employees or agents, which was the legal cause of damage to the Decedent.

2. Probable cause for arrest existed at the time Defendant Powell applied for an arrest warrant.

3. The arrest of Plaintiff was pursuant to a validly issued warrant, which was reviewed and signed by Judge; thus, the arrest of the Plaintiff cannot be false. Plaintiff has failed to state a claim upon which relief can be granted, as Plaintiff's bare allegations cannot be enough to support such a claim.

4. Powell had probable cause to seize the Plaintiff's property and such seizure was reasonable based upon the circumstances; thus, as to Count III, Plaintiff has failed to state a claim under 42 U.S.C. § 1983 upon which relief can be granted.

5. The seizure of Plaintiff's property by Powell was lawful, as the facts known to Powell at the time of the seizure created a reasonable suspicion that the property was associated with criminal activity.

6. As to any state law claims, the Sheriff's acts, or failure thereof, are planning level governmental functions which are immune from judgment under the doctrine of sovereign immunity. The Sheriff was not negligent, nor was there any wrongful act or omission by the Sheriff which would subject it to a waiver of sovereign immunity under Section 768.28, Fla. Stat.

7. To the extent that Plaintiff alleges that Defendant Powell, as an employee of the Sheriff, conducted an imperfect criminal investigation, such is not a sufficient basis for recovery in an action for false arrest. Thus, Plaintiff has failed to state a claim upon which relief can be granted.

8. To the extent that Plaintiff seeks to hold the Sheriff liable for the actions of is employees pursuant to the legal theories of respondeat superior, vicarious liability, or joint/several liability, such cannot be the basis for liable for a claim brought under 42 U.S.C. §1983.

9. The Second Amended Complaint fails to set forth the existence of any custom, policy or practice, created or maintained by the Sheriff which in and of itself deprived the Plaintiff of any constitutional rights, or which was causally related to any unconstitutional conduct of the Sheriff's employees or agents which was legal cause of damage to Plaintiff. Thus, the Plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

10. There was no actual notice or a history of widespread abuse which existed to put the Sheriff on notice of any potential or actual civil or constitutional violations.

11. The Plaintiff cannot show that the Sheriff caused any constitutional violation or officially sanctioned or ordered any action which resulted in any constitutional violation.

12. As to any state law claims, the Sheriff is subject to the liability limits set forth in Section 768.28(5), Fla. Stat.

13. A claim of inadequate training or supervision under § 1983 will not lie absent a showing of deliberate indifference by the supervisor or agency involved.

The Sheriff received no notice of the need to train or supervise in the area of appropriate methods of investigating crimes.

14. Some of Plaintiff's injuries or damages were the result of actions of third parties and/or their employees or representatives, for which the Sheriff owes no legal duty to the Plaintiff, as set forth by the Supreme Court of Florida in <u>Fabre v. Marin</u>, 623 So.2d 1182 (Fla. 1993).

15. Plaintiff has failed to mitigate his own damages and, by his failure, has contributed to the extent of the injuries that he claims and, accordingly, his damages should be barred or reduced in proportion to said failure.

16. The seizure of Plaintiff's property by Powell was lawful, as the facts known to Powell at the time of the seizure created a reasonable suspicion that the property was associated with criminal activity.

17. Plaintiff has failed to comply with the notice requirements of Section 768.28(6), Fla. Stat.

## **DEMAND FOR JURY TRIAL**

The Sheriff hereby demands trial by jury on all issues so triable.

Dated this 9th day of September, 2020.

>WARNER LAW FIRM, P. A.
>*/s/ ALICIA D. CAROTHERS*
>ALICIA D. CAROTHERS
>Florida Bar No. 099339
>TIMOTHY G. WARNER
>Florida Bar No. 0346829
>501 West 11th Street, Suite A
>Panama City, Florida 32401
>Phone No. (850) 784-7772
>pleadings@warnerlaw.us
>*Counsel for Defendant Sheriff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed this 9th day of September 2020, via CM/ECF which will serve notice to all counsel of record.

>*/s/ ALICIA D. CAROTHERS*
>ALICIA D. CAROTHERS
>Florida Bar No. 099339